IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-CV-798-BO

| | |
|---|---|
| BRETT W. MOZINGO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| CAROLYN COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the Court on the parties' cross motions for judgment on the pleadings [DE 27, 31]. A hearing on this matter was held in Elizabeth City, North Carolina on November 13, 2014 at 2:30 p.m. For the reasons detailed below, plaintiff's motion is DENIED and defendant's motion is GRANTED. The decision of the Commissioner is AFFIRMED.

## BACKGROUND

On July 26, 2007, plaintiff protectively filed a Title II application for a period of disability and disability insurance benefits, alleging that he became disable on September 30, 2005. His application was denied initially and upon reconsideration. On November 5, 2009, Administrative Law Judge ("ALJ") Larry Miller held a hearing at which an impartial vocational expert ("VE") was present. On December 11, 2009, the ALJ found that plaintiff was not disabled within the meaning of the Social Security Act from September 30, 2005 through March 31, 2008, his date last insured. The Appeals Council denied plaintiff's request for review of the ALJ's decision and he sought review in this Court. By order date March 9, 2012, plaintiff's claim was remanded by this Court to the Commissioner for further proceedings. [Tr. 1334–42].

Specifically, this Court remanded the matter "for a more thorough evaluation and discussion of why the ALJ did or did not give weight to the VA's [disability] rating." [Tr. 1339–40].

The Appeals Council remanded the matter to ALJ Miller who conducted another hearing. [Tr. 1375, 1282–1311]. On February 6, 2013, ALJ Miller again found that plaintiff was not disabled within the meaning of the Social Security Act from September 30, 2005 through March 31, 2008. The Appeals Council declined review making the ALJ's decision he final decision of the Commissioner. Plaintiff again seeks review in this Court.

## **DISCUSSION**

Pursuant to the Social Security Act, 42 U.S.C. § 405(g), this Court's review of the Commissioner's decision is limited to determining whether the Commissioner's decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standards. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990) (citing *Richardson v. Pearles*, 402 U.S. 389, 390 (1971)). "'[S]upported by substantial evidence' means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (quoting *Pearles*, 402 U.S. at 401). Regulations establish a five-step sequential evaluation process to be followed when determining whether a claimant is disabled. 20 C.F.R. §§ 404.1520 and 416.920. "The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five." *Rogers v. Barnhart*, 216 Fed. App'x 345, 348 (4th Cir. 2007) (citing *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987)).

Here, plaintiff alleges that the ALJ erred in a litany of ways. Plaintiff alleges that the ALJ did not give proper weight to the medical records and VA rating, that he erred by not using the testimony of VE Rochelle Evans, that he erred by relying on the testimony of VE Ann Neulicht, that he erred by not discussing plaintiff's cross examination of VE Neulicht, that he improperly

2

evaluated the medical source statements, and that he erred by finding that plaintiff did not meet Listing 12.02. All of plaintiff's arguments fail. The ALJ properly handled this case after remand from this Court and his latest opinion in the matter is sufficiently supported by substantial evidence to be affirmed.

Many of the complaints about the ALJ's decision were similarly raised the first time this matter was before the Court in 2012. At that time, the Court found that the ALJ's decision was supported by substantial evidence on all of the issues except for one. [Tr. 1334–42]. The Court remanded the matter to the Agency for one, specific reason, that the ALJ did not properly consider the VA's disability rating. [Tr. 1339]. The Court remanded the matter "for a more thorough evaluation and discussion of why the ALJ did or did not give weight to the VA's rating." [Tr. 1339–40]. Upon, remand, the ALJ did exactly what this Court asked of him. The ALJ spent five pages of his decision discussing the medical evidence applicable in this case at length and referenced the VA's disability rating throughout that period. [Tr. 1275–79]. While noting that the 100% disability rating from the VA was not given until after the plaintiff's date last insured, the ALJ also noted that the 100% disability rating was largely based on an exam that was not consistent with other medical evidence in the record. [Tr. 1278]. The ALJ then noted that the exams the VA appeared to rely on were not afforded great weight and therefore the VA rating was not afforded great weight. [Tr. 1278]. The ALJ's analysis on this matter was thorough and clearly supported by substantial evidence.

Although the remand on the issue of the ALJ's earlier treatment of the VA disability rating should not have entitled plaintiff for an opportunity to reevaluate all of the issues and to essentially relitigate what was already decided by this Court, the Court did carefully consider all of plaintiff's arguments. However, after consideration, the Court finds that they have no merit for

3

the reasons discussed by defendant in its memorandum in support. [DE 32 at 18–33]. Defendant has clearly shown that the ALJ's decision is supported by substantial evidence. Accordingly, the plaintiff's arguments fail and the decision of the Commissioner must be affirmed.

## CONCLUSION

For the reasons outlined above, defendant's motion for judgment on the pleadings is GRANTED and plaintiff's motion is DENIED. The final decision of the Commissioner is AFFIRMED. The clerk is directed to close the file.


SO ORDERED.

This, the ~~23~~ day of November, 2014.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE